RECEIVED
JUL 2 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANNETTE RICHARD | CIVIL ACTION NO. 04-2391 |
| VERSUS | JUDGE DOHERTY |
| CENTURY SURETY COMPANY | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Presently pending before this Court is a Motion for Summary Judgment filed by the defendant seeking dismissal of the plaintiff's claims in their entirety. The motion is opposed by the plaintiff. All briefing has been submitted and is considered by this Court (including the defendant's reply memorandum). While oral argument is currently scheduled to be heard on July 22, 2005, this Court finds that the motion does not present issues on which oral argument might be helpful and, therefore, issues its ruling on the merits of the motion and supporting briefs without benefit of oral argument.

The undisputed facts in this matter are relatively simple and straight-forward. The plaintiff incurred property damage during Hurricane Lillie on October 3, 2002, and made a claim under her commercial general liability policy for reimbursement of such losses. The claim was denied by Century Surety Company on the ground that the policy had been cancelled on September 21, 2002, for failure to make premium payments. While extended procedural maneuvers kept the matter in state court for quite some time, eventually the matter was removed to this Court.

The plaintiff does not contest Century's claim that the policy was cancelled on September 21, 2002. However, she has produced evidence suggesting that she paid the overdue premium on the

CGL policy two days later, on September 23, 2002, and that such payment was made to Century's agent, Theriot Insurance Agency. The plaintiff has also attested that she paid the monthly premium for October, 2002 directly to Southern National Financial, which financed her premiums. According to the plaintiff, neither Theriot Insurance Agency, Century Surety Company, nor Southern National Financial returned those two premium payments to her or refused to reinstate the policy.

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The movant bears the burden of demonstrating that it is entitled to judgment as a matter of law. *See* Mayeaux v. Louisiana Health Service & Indemnity Company, 376 F.3d 420, 425 (5th Cir. 2004).

As noted above, the plaintiff does not contest the defendant's claim that the CGL policy in question was cancelled in accordance with Louisiana statutory requirements. She has produced evidence, however, suggesting that she later made two payments, those payments were accepted by the defendant's agents, and the payments were never returned to her nor was she ever notified that her effort to reinstate insurance coverage had been rejected. Louisiana law clearly permits an insurer to cancel a policy for failure to pay premiums. However, Louisiana law also clearly prohibits an insurer from refusing coverage while simultaneously accepting payments for such coverage. In light of the undisputed facts and the plaintiff's evidence, the dispute between the parties turns upon the

legal effect, if any, of the acceptance by Century's agents of premium payments made by Ms. Richard after the policy had been cancelled on September 21, 2002 – an argument not addressed by either party.

In its briefing, the defendant has not addressed this question, instead choosing to challenge the evidence presented by Ms. Richard in opposition to the motion. Specifically, the defendant notes that the receipts attached to the affidavit do not contain information relating the payments made by Ms. Richard to a specific insurance policy. This observation is accurate and might be a proper subject of challenge to the evidence. However, for purposes of the motion for summary judgment, however, Ms. Richard has declared, in her affidavit, that the receipts reflect payments made in relation to the policy at issue. In the instant context, that evidence is sufficient to sustain her burden of producing evidence to meet defendant's argument demonstrating the existence of a genuine issue of material fact.

The defendant has failed to carry its burden to establish that under existing law, it is due the relief sought; plaintiff has raised evidence, which will meet the context of the limited facts and argument presented. Thus, defendant's motion for summary judgment is DENIED. A movant seeking dismissal of claims against it bears the burden of demonstrating that it is entitled to that remedy as a matter of law. Century Surety Company has failed to meet its burden here.

For the foregoing reasons, the motion for summary judgment shall be denied in its entirety.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of July, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-3-